SCHREIBER v. KLINGENSTEIN et al.

(Supreme Court, Appellate Term.   October 27, 1905.)

MASTER AND SERVANT—DISCHARGE OF SERVANT—MEASURE OF DAMAGES.

   Where a salesman's contract provided that he should receive $10 a week when traveling and $20 a week when at home, and should travel as directed by the employer, and he was wrongfully discharged, he was entitled to receive $20 per week for the unexpired term.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by David Schreiber against Solomon Klingenstein and another.   From a judgment in favor of plaintiff granting insufficient relief, he appeals.   Reversed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

Sol De Young, for appellant.
Louis J. Frey, for respondents.

SCOTT, P. J.   The plaintiff appeals from a judgment in his favor upon a verdict directed by the court.   His complaint is that he has been awarded less damages than he is entitled to.   Plaintiff was employed by defendants as a traveling salesman upon a commission.   Defendants agreed to advance him $60 per week for traveling expenses while upon the road, they to determine how long and often he was to be on the road.   They also agreed to permit him to draw while on the road $10 per week, and while at home $20 per week, as a drawing account. Plaintiff was discharged before the expiration of his term of employment, and, as no evidence was introduced justifying his discharge, no question is presented, except as to the measure of his damages.   The justice allowed him $10 per week for the unexpired term of his contract, less what he had earned from other sources.

Plaintiff contends that he is entitled to receive $20 per week, less the amount otherwise earned.   In this contention the plaintiff is clearly right.   By his contract he was to travel only when directed by defendants, and except when so ordered, as he could not travel, he must stay at home.   So long as he was at home he was entitled to $20 per week, and this amount could be reduced to $10 only by directing him to travel. The defendants did not direct him to travel after his discharge, and by discharging him had put it out of their power to do the only thing which would reduce his drawing account from $20 to $10.   It is quite plain that the reason for giving a less sum per week as a drawing account when traveling than was given when not traveling was the consideration that the traveling expenses provided for of $60 per week would cover and pay for certain expenditures, which, when plaintiff was not traveling, and hence was receiving no traveling expenses, would still have to be met and paid by him.   It would be manifestly unjust to allow plaintiff only the drawing account agreed to be paid him when traveling for the period during which, owing to his discharge, he could not travel and could not draw the stipulated traveling allowance.   The

traveling allowance was intended to cover board and lodging, as well as railroad fares. While at home he would have no railroad fares to pay, but would still have to provide himself with board and lodging. Hence the difference in drawing account when traveling and when at home. So, after his discharge, while he would have no fares to pay, he would still have to board and lodge somewhere. There can be no doubt that plaintiff's damages should have been estimated on a basis of a drawing account of $20 per week for the unexpired term of the employment.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.